UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| MARTHA ELIZABETH, INC., a Michigan corporation, and MARTHA RAPP, a Michigan resident,<br><br>    Plaintiffs,<br><br>    v.<br><br>SCRIPPS NETWORKS INTERACTIVE, LLC, an Ohio corporation,<br>SCRIPPS NETWORKS, LLC, a Delaware corporation,<br>COOKING CHANNEL, LLC, a Delaware corporation, and<br><br>B360 MEDIA, INC.., a Canadian corporation,<br><br>    Defendants. | 1:10-cv-1244<br><br>Chief Judge Paul L. Maloney<br><br>Magistrate Judge Joseph G. Scoville |

## OPINION and ORDER

**Sustaining Scripps' Appeal from the Magistrate's April 26, 2011 Ruling;**

**Sealing Documents 21, 21-1 and 21-2;**

**Replacing Said Documents with Redacted Versions**

This action arises under federal trademark law, namely the Lanham Act sections 32(1) and 43(a), codified at 15 U.S.C. §§ 1114(a) and 1125(a), with pendent claims for trademark infringement and unfair competition under Michigan common law and for violation of the Michigan Consumer Protection Act (MICH. COMP. LAWS § 455.901). The plaintiffs, Michigan corporation Martha Elizabeth, Inc. (hereinafter "MEI"), and its president, Michigan citizen Martha Rapp ("Rapp"),

obtained a preliminary injunction from this court – granting most but not all of the relief they sought.

It is undisputed that the Scripps Defendants inadvertently included information in their brief opposing preliminary injunctive relief and the exhibits thereto, which they did not intend to include and which they were contractually required to maintain as confidential. Specifically, their opposition brief, Document 21, disclosed key monetary terms of a television-series licensing agreement between defendant Cooking Channel LLC and a non-party named Tricon Films, Inc., namely: the total license fee and payment schedule for a season of the allegedly infringing Bitchin' Kitchen cable-television series, and "re-formatting fees" for that same 13-episode season. *See* Scripps Defendants' Appeal filed May 9, 2011 from April 12, 2011 Magistrate Ruling (Doc 48) ("Defs' App"), Exhibit ("Ex") B - Affidavit of Cooking Channel LLC General Manager Michael Smith executed May 2011 ("Smith Aff") ¶ 3. The same information was inadvertently disclosed as well by its verbatim inclusion in one exhibit, and its mention in an affidavit of the Cooking Channel's general manager attached as another exhibit, *see* Docs 21-2 and 21-2 (Defs' Opp to PI, Exs A and B).

The Scripps Defendants filed the inadvertent-disclosure documents on March 14, 2011, discovered their error about three weeks later (on Thursday, April 7, 2011), *see* Defs' App Ex A - Affidavit of Cooking Channel LLC Vice-President of Legal Affairs David Arroyo executed May 2011 ("Arroyo Aff") ¶ 3, and promptly filed a motion on Monday, April 11, 2011 to redact the passages in question or to seal the documents which contained them (Doc 39). Plaintiffs MEI and Martha Rapp, and defendant B360's counsel represented to Scripps counsel that they did not oppose the motion. No other party expressed opposition to the Scripps seal/redaction motion either, but the following day, Tuesday, April 12, 2011, the Magistrate Judge denied the motion. The Magistrate

Judge wrote as follows:

> Defendants' motion cites this Court's Local Rule 10.6, which governs the filing of documents under seal, but defendants ignore the substance of the rule. Civil Rule 10.6(a) expressly provides as follows:
>
>> The Court strongly resists the sealing of entire civil pleadings, motions, or briefs, as it is rare that the entire document will merit confidential treatment. In lieu of seeking leave to file an entire document under seal, the parties should incorporate the confidential material in a separate document and seek leave to file only that document under seal.
>
> Defendants' cursory motion falls far short of providing good cause for [the] sealing of their entire brief in opposition to preliminary injunction motion. Furthermore, that brief has been a matter of public record for nearly one month, further undermining any argument for the confidentiality of the information contained therein.
>
> The public has a presumptive common-law right of access to judicial records. A party seeking to seal court records involving "case-dispositive" matters must show "compelling reasons" to justify such action. The mere fact that the other parties to this litigation acquiesce in the sealing does not establish good cause or relieve the court of its independent obligation in this regard.

Magistrate Judge's April 12, 2011 Ruling (Doc 41) at 1-2 (citations omitted from last paragraph). The Scripps Defendants filed a renewed, narrower motion which sought only to redact rather than seal two of the three documents, and to retroactively file the third document under seal. The Magistrate Judge denied the second motion on April 26, 2011 (Doc 44), reasoning that retroactively sealing documents could create "a confused and repetitive court record."

The Scripps Defendants cogently reason that because the putatively confidential information is not material to the issues in this case, the full litigation of the controversy does not warrant leaving the information unprotected with no countervailing benefit. Indeed, no party has suggested, nor did the Magistrate find, that any party's ability to press a claim or defense will be in any way impaired by the removal of the TV license fee information from this court's public docket. Less still could the understandably-sensitive information be classified as "case-dispositive", which the Magistrate

rightly noted would impose a heavier burden on the party seeking to seal a document. In short, Scripps acted with reasonable dispatch, and the court and the factfinder will not need the limited, contractually confidential information which Scripps seeks to redact. This conclusion is consistent with Sixth Circuit precedent.

Although the public generally possess a presumptive common-law right of access to court records, *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987), such right is not absolute and cannot be viewed in a vacuum devoid of other substantial competing considerations. Our Circuit also holds that non-parties to litigation, such as Tricon Films, have a justifiable expectation of privacy in their names and proprietary financial and business information, and that such non-party interests are "sufficiently compelling to justify non-disclosure", *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 477 (6th Cir. 1983). Federal courts have required the party seeking redaction to show that some meaningful harm will be done to its or a non-party's competitive standing or business, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) and *Tinman v. Blue Cross & Blue Shield of Michigan*, 276 F. Supp.2d 743, 745 (E.D. Mich. 2001), and the court finds that the unnecessary, ongoing public disclosure of the Scripps-Tricon license-fee information can be expected to cause such harm. The court agrees with the Scripps Defendants that "[p]otential competitors armed with . . . this confidential information could use this information to Cooking Channel LLC's competitive disadvantage by altering the bargaining power between the parties and/or undermining [its] business and potential business relationships", Defs' App at 6. Restoring confidentiality protection to immaterial information which the Scripps Defendants and a non-party reasonably expect to keep private will not create an unduly confused or repetitive record, and it is appropriate under the circumstances.

The Magistrate is correct that these documents should not be sealed in their entirety, but the more limited remedy of redaction is justified.

## ORDER

Accordingly, the May 9, 2011 appeal of defendants Scripps Network Interactive Inc., Scripps Network LLC, and Cooking Channel LLC [document #48] is **SUSTAINED**.

The April 26, 2011 Magistrate ruling [#44] is **AFFIRMED in part & REVERSED in part**.

The following documents are **SEALED**:

– Doc #21, Defendants' Brief Opposing Preliminary Injunction

– Doc #21-1, Defendants' Brief Opposing Preliminary Injunction, Ex A, Schedule A

– Doc #21-2, Defendants' Brief Opposing Preliminary Injunction, Ex B (Smith Aff.)

In place of Doc #21 **SHALL BE SUBSTITUTED**:

Doc #48-3    Defendants' *Redacted* Br. Opposing Preliminary Injunction.

In place of Doc #21-1 **SHALL BE SUBSTITUTED**:

Doc #48-2    *Redacted* Ex A to Defendants' Br. Opposing Preliminary Injunction.

In place of Doc #21-2 **SHALL BE SUBSTITUTED**:

Doc #48-4    *Redacted* Smith Affidavit as Exhibit to Defendants' Br. Opposing Prelim. Inj.

Footnote six of *MEI v. B360 Media, Inc. et al.*, No. 1:2010-cv-1244 Doc 46, – F. Supp.2d –, 2011 WL 1750711 (W.D. Mich. May 9, 2011) (Maloney, C.J.) is amended to read as follows:

"Non-party Tricon Films, Inc. and defendant Cooking Channel contracted to obtain a three-year license for the Bitchin' Kitchen program, with Scripps Networks paying a per-episode fee for each of thirteen episodes. *See* Smith Aff (Doc 21-2) ¶ 3."

Said opinion remains otherwise unchanged.

This is not a final order, because it does not conclusively dispose of all issues as to all parties. Nonetheless, this order may be immediately appealable. *See Stanton v. Hutchins*, 2010 WL 882822, *12 (W.D. Mich. Mar. 8, 2010) (citing *Overstreet v. Lexington-Fayette Cty. Urban Gov't*, 305 F.3d 566, 572 (6th Cir. 2002)) (citations omitted).

IT IS SO ORDERED this 5th ay of July, 2011.

                                                /s/ Paul L. Maloney
                                                Honorable Paul L. Maloney
                                                Chief United States District Judge